```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF TEXAS
                    HOUSTON DIVISION


PHILLIP LATRELL GREEN,            §
TDCJ-CID NO. 1160207,             §
                                  §
          Petitioner,             §
                                  §
v.                                §
                                  §   CIVIL ACTION NO. H-08-553
NATHANIEL QUARTERMAN, Director,   §
Texas Department of Criminal      §
Justice, Correctional             §
Institutions Division,            §
                                  §
          Respondent.             §
```

**MEMORANDUM OPINION AND ORDER**

Pending before the court is petitioner Phillip Latrell Green's Petition for a Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1) and respondent Nathaniel Quarterman's Motion for Summary Judgment (Docket Entry No. 13). For the reasons stated below, the court will deny respondent's motion but nevertheless dismiss Green's petition as duplicative.

Green was convicted of aggravated robbery on February 29, 2003, and sentenced to forty-two years' imprisonment.[1] Green's conviction was affirmed on appeal, and the Texas Court of Criminal Appeals denied Green's petition for discretionary review.[2] Green then filed several state applications for a writ of habeas corpus:

---

[1] Petition for a Writ of Habeas Corpus by a Person in State Custody, Docket Entry No. 1, p. 2.

[2] Id. at 3.

two were dismissed for procedural reasons;[3] one was denied without written order on January 16, 2008.[4]

Having exhausted his state remedies, Green filed two federal petitions for writ of habeas corpus in this court.  On February 14, 2008, the clerk received Green's petition, which was signed by him on February 7, 2008.  This petition was assigned Civil Action No. H-08-538.[5]  Five days later the clerk received a copy of Green's earlier petition, which was assigned Civil Action No. H-08-553.[6]

On April 8, 2008, Civil Action H-08-538 was dismissed because it was filed outside the limitations period, and a final judgment was entered.[7]  On May 1, 2008, Green filed a notice of appeal in this action (H-08-553) which purported to appeal the final judgment entered on April 8, 2008, even though no such judgment had been entered in this action.[8]  Because there was no final judgment in

---

[3]Ex parte Green, WR-61,799-02, Docket Entry No. 9, at cover; Ex parte Green, WR-61,799-03, Docket Entry No. 9, at cover.

[4]Ex parte Green, WR-61,799-05, Docket Entry No. 9, at cover.

[5]Green v. Quarterman, No. 08-538, Docket Entry No. 1.

[6]Petition for a Writ of Habeas Corpus by a Person in State Custody, Docket Entry No. 1.

[7]Green v. Quarterman, No. 08-538, slip op. at 3-5 (S.D. Tex. Apr. 8, 2008).

[8]Notice of Appeal, Docket Entry No. 11.

this action to appeal, the Fifth Circuit dismissed Green's appeal on June 10, 2008.[9]

Respondent's summary judgment motion argues that the court lacks subject matter jurisdiction to decide the petition in this action because it was successive under 28 U.S.C. § 2244(b) and Green had not obtained permission from the Fifth Circuit to file his petition in this case. Green filed a response arguing that his petition was not successive, and that he did not mean to file the petition in this case; the hand-delivered copy docketed as H-08-553 was intended only as a courtesy copy in H-08-538.[10]

The court agrees with Green that his petition is not "a second or successive petition" for purposes of § 2244(b).[11] Section 2244(b) requires a district court to dismiss "a second or successive petition." This requirement is jurisdictional, and prohibits a district court from asserting jurisdiction over a second or successive petition until the appropriate court of appeals -- here, the Fifth Circuit -- "has granted the petitioner

---

[9]Green v. Quarterman, No. 08-20294, slip op. at 1-2 (5th Cir. June 3, 2008) (per curiam).

[10]Response to Motion for Summary Judgment, Docket Entry No. 18, ¶ 4.

[11]Although Green filed a notice of appeal, see Docket Entry No. 11, this erroneous filing did not divest the court of subject matter jurisdiction over his petition. The court had entered no appealable orders, and "an appeal from an unappealable order does not divest a district court of subject matter jurisdiction." Rutherford v. Harris County, Tex., 197 F.3d 173, 190 n.17 (5th Cir. 1999).

permission to file one." Crone v. Cockrell, 324 F.3d 833, 836 (5th Cir. 2003) (internal quotation marks and citations omitted). "[A] prisoner's application is not second or successive simply because it follows an earlier federal petition." In re Cain, 137 F.3d 234, 235 (5th Cir. 1998).

A second or successive petition is one that either "raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition," or "otherwise constitutes an abuse of the writ." Id. Moreover, "it is clear that for a petition to be 'second or successive' within the meaning of the statute, it must at a minimum be filed subsequent to the conclusion of 'a proceeding that counts as the first.'" Ching v. United States, 298 F.3d 174, 177 (2d Cir. 2002) (quoting Littlejohn v. Artuz, 271 F.3d 360, 363 (2d Cir. 2002)) (emphasis added). A proceeding "counts" only after it has reached a final decision. Id.; cf. id. (holding that when a defendant files an initial § 2255 motion and then files another § 2255 motion before the adjudication of the prior motion is complete, the later filed motion should be treated as a motion to amend the prior motion, not as a successive petition).

The petition in this action is not successive even though it was docketed after the petition in Civil Action H-08-538 because it was not filed subsequent to the conclusion of Civil Action H-08-

-4-

538.  Because this is the only ground respondent asserted for summary judgment, respondent's motion must be denied.

This does not mean that the court will reach the merits of Green's petition, however, because there are other grounds for dismissing the duplicately and inadvertently filed petition in this case.  "It has long been recognized that there is a 'power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'"  Remington Rand Corp. v. Bus. Sys. Inc., 830 F.2d 1274, 1275-76 (3d Cir. 1987) (quoting Landis v. N. Amer. Co., 57 S. Ct. 163, 166 (1936)).  Therefore, a district court may dismiss an action when it is duplicative of another action filed in federal court.  Id.; see also Chrysler Credit Corp. v. Marino, 63 F.3d 574, 578 (7th Cir. 1995) ("A federal suit may be dismissed for 'reasons of wise judicial administration . . . whenever it is duplicative of a parallel action already pending in another federal court.'" (quoting Serlin v. Arthur Andersen & Co., 3 F.3d 221, 223 (7th Cir. 1993)).  "A suit is only duplicative if it involves the 'same claims, parties, and available relief.'"  Chrysler Credit Corp., 63 F.3d at 578 (quoting Serlin, 3 F.3d at 223).

Although Civil Action H-08-538 is no longer pending and has been rendered final, there is no dispute that the claims, parties, and available relief involved in this action are the same as that involved in Civil Action H-08-538.  In fact, as Green points out,

the petitions filed in both actions are the same; the petition in this case was merely meant to serve as a courtesy copy, not a separate action.[12] Therefore, the court will exercise its inherent powers and dismiss the petition as duplicative.[13]

## Conclusion and Order

Based on the foregoing analysis, Respondent Quarterman's Motion for Summary Judgment (Docket Entry No. 13) is **DENIED**. Because it is duplicative of another action, petitioner's Petition for a Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1) is **DISMISSED without prejudice**. Green's First Motion for Extension of Time to File Application to Proceed Without Payment of Fees (Docket Entry No. 15) is **DENIED as moot**.

**SIGNED** at Houston, Texas, on this 18th day of June, 2008.

SIM LAKE
UNITED STATES DISTRICT JUDGE

---

[12]Response to Motion for Summary Judgment, Docket Entry No. 18, ¶ 4.

[13]Alternatively, the court may dismiss the petition because Green's request that the papers filed in this action be transferred to H-08-538, see Response to Motion for Summary Judgment, Docket Entry No. 18, ¶ 5, could reasonably be construed as a request for voluntary dismissal under Federal Rule of Civil Procedure 41. Because the Fifth Circuit has already dismissed the appeal Green filed in this action, the court cannot transfer the notice of appeal from this action to H-08-538.